

**ENTERED**
**12/03/2009**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) |   |
|   | ) |   |
| EDWARD J. FERRO, | ) | CASE NO. 09-80415-G3-13 |
|   | ) |   |
| Debtor, | ) |   |
|   | ) |   |

### MEMORANDUM OPINION

The court has held a hearing on the "Emergency Motion to Vacate Chapter 13 Dismissal Order at Docket No. 20" (Docket No. 22). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Edward J. Ferro ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 18, 2009.

On September 21, 2009, the court entered its "Order: Possible Future Dismissal of Case" (Docket No. 4).[1] That order notes, in pertinent part, that the Debtor had not submitted "Copies of all payment advices or other evidence of payment

---

[1] A similar order is entered in each case in which documents required to be filed under 11 U.S.C. § 521 have not been filed.

received within 60 days before the date of filing of the petition, by the debtor(s) from any employer of the debtor(s)." The order provides that "[a] party must either satisfy the deficiency or file a pleading denying the existence of the deficiency." (Docket No. 4).

Attached to the September 21, 2009 order was a notice. The notice provides in pertinent part:

> If the debtor did not have an employer during the 60 days before the date of the filing of the petition, the debtor may file a statement in the form attached to this notice. The statement must be filed with the clerk of the Court within 45 days after the petition was filed in this case.
>
> * * *
>
> If the debtor fails to file the required payment advices or the statement in the form attached to this notice, the case will be dismissed effective as of the 46th day following the petition date.

(Docket No. 4).

On October 9, 2090, Debtor filed schedules. On Debtor's Schedule I, he indicated that he is a self-employed boat builder. (Docket No. 10).

On October 22, 2009, Debtor filed his "Response to Order Regarding Dismissal of Case" (Docket No. 16). The response reads, in pertinent part:

> 1. The Debtor filed the following documents on September 18, 2009:
>    Certificate of Credit Counseling, Docket No. 2
>
> 2. The debtor filed the following documents on October 9, 2009:

          Debtors' Real Property Appraisal, Docket No. 13
          Tax Documents, Docket No. 12

(Docket No. 16).

Debtor did not file the form of "Debtor's Response to Order Regarding Necessity of Filing Payment Advices" attached to the court's September 21, 2009 order.

The above captioned case was dismissed, by order entered November 16, 2009 (Docket No. 20).

In the instant motion, Debtor seeks vacatur of the dismissal order. Debtor contends that it was error for this court to dismiss, because Debtor is self-employed.

The instant motion is opposed by Arthur and Stephen DiNicolantonio.[2] They assert that Debtor was employed by Tim McCall during August, 2009, and received payment advices from McCall, which he was required to file.

At the hearing on the instant motion, Debtor testified credibly that although he had performed services for McCall, he had not received payment. He testified that he has not received any payment advices from any employer.

At the hearing on the instant motion, Debtor's counsel advanced the argument that Debtor's response, at Docket No. 16,

---

[2] Arthur and Stephen DiNicolantonio also have filed a motion to dismiss, in the event the dismissal order is vacated, asserting that Debtor exceeds the debt limits under Chapter 13, and lacks regular income from which to fund a plan. The court makes no determination of the issues raised by that motion at this time.

should have been sufficient to prevent dismissal of the case.

## Conclusions of Law

Section 521(a)(1)(B)(iv) requires that the debtor file "copies of all payment advices or other evidence of payment received within 60 days before the date of filing of the petition, by the debtor from any employer of the debtor." 11 U.S.C. § 521(a)(1)(B)(iv).

In the instant case, the Debtor is in technical compliance with Section 521(a)(1)(B)(iv), because he has not received payment advices. However, Debtor is in violation of this court's order. The notice attached to the "Order: Possible Future Dismissal of Case" (Docket No. 4) sets forth a simple procedure by which a debtor who does not receive payment advices can bring that fact to the attention of the court, and thereby avoid dismissal of the case.

Debtor's reliance on the response at Docket No. 16 is misplaced. The response, though it purports to respond to the "Order: Possible Future Dismissal of Case" at Docket No. 4, does not address the existence of the deficiency regarding payment advices.

In the instant case, it is clear from Debtor's testimony that he did not receive payment advices. The court will not hold against Debtor his counsel's poor work in failing

to file the response in the form required.[3]  However, counsel is cautioned that in the future, a response stating merely that a debtor has filed certain documents will be considered insufficient to avoid dismissal of the case for failure of a debtor to file payment advices.  The court recommends that counsel utilize the simple form attached to the notice to notify the court when a debtor has not received payment advices.

Based on the foregoing, a separate Judgment will be entered granting the "Emergency Motion to Vacate Chapter 13 Dismissal Order at Docket No. 20" (Docket No. 22).

Signed at Houston, Texas on December 3, 2009.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3]Debtor's counsel is not to charge a fee for filing the instant motion or appearing at the hearing.