IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| EDWARD J. FERRO, | ) ) | CASE NO. 09-80415-H3-11 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Creditors' Objection to Debtor's Claimed Exemptions" (Docket No. 30) filed by Arthur and Stephen DiNicolantonio ("Objectors"). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Edward J. Ferro ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 18, 2009. The case was converted to a case under Chapter 11 of the Bankruptcy Code by order entered December 11, 2009. Debtor remains as a debtor in possession.

In Debtor's Schedule C, he claims as exempt "Boat Molds" under the Texas Property Code §§ 42.001(a) and 42.002(a)(4).  He lists the boat molds with a value of $50,000, and values the exemption at $24,350.

Debtor testified that he built high-performance sport boats from 1973 through November, 2006.  He testified that he stopped building boats during 2006 because the market for boats became flat.  He testified that he has built boats with lengths of 28 feet and 38 feet.  He testified that the boat molds at issue in the instant objection to exemptions are two sets of molds on which the hulls of 28-foot and 38-foot boats can be built.

Debtor testified that he last built a 38 foot boat in 2000.  He testified that the 38-foot boats are not popular, because they require a larger motor to run.  Debtor testified that he has built only one boat from the 28-foot boat mold.  He testified that the boat he built is a prototype.  He testified he has not sold it, and still has the prototype.

Debtor testified that he is presently unable to build and sell boats, because there is no market.  He testified that, if the market turns, he will be able to build and sell boats.  He testified that, if the market turns, resellers in Pennsylvania and Oregon will order boats from him, and will provide down payments that he can use as funds to acquire the equipment and

2

materials needed to build the boats ordered.  He testified that the 28-foot boat is the one he believes he will be able to sell.

Debtor testified that he is 58 years old, and is presently unemployed.  Debtor's Schedule I indicates that he has $3,880 in monthly income from real property.  He scheduled no income from the operation of a business or from other employment.[1]

In the instant objection, Objectors object to Debtor's claim of exemption in the boat molds.[2]  Objectors assert that Debtor's use of the boat molds has been so infrequent that they are not exempt tools of the trade under Texas law.

## Conclusions of Law

The objecting party has the burden of proving that the exemptions are not properly claimed.  Bankruptcy Rule 4003(c).

Under Section 42.001(a)(2) of the Texas Property Code, personal property, as described in Section 42.002, is exempt if the property is owned by a single adult, who is not a member of a family, and has an aggregate fair market value of not more than $30,000, exclusive of the amount of any lines, security interests, or other charges encumbering the property.  Tex. Prop. Code § 42.001(a)(2).

---

[1] The court makes no determination at this time as to whether Debtor may be able to propose a feasible Chapter 11 plan.

[2] Objectors also objected to Debtor's claimed exemption of real property.  Debtor has conceded that the objection as to the real property was not properly claimed.

Section 42.002(a)(4) exempts "tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession."  Tex. Prop. Code § 42.002(a)(4).

An item is an exempt tool of trade in Texas if the item is fairly belonging to or usable in the debtor's trade, and used with sufficient regularity to indicate an actual use by the debtor.  In re Erwin, 199 B.R. 628 (Bankr. S.D. Tex. 1996), citing In re Hrncirik, 138 B.R. 835, 840 (Bankr. N.D. Tex. 1992).[3]

Since at least 1886, it has been the law in Texas that when a mechanic abandons his trade, his tools are no longer exempt from execution.  See Willis v. Morris, 1 S.W. 799 (Tex. 1886).

In the instant case, the court must make a determination of whether Debtor has abandoned his trade as a boat builder.  The primary fact which support a finding that he has abandoned his trade is that Debtor has not used the 38-foot mold since 2000, and last used the 28-foot mold in November, 2006.

Facts which support a finding that Debtor has not abandoned his trade are Debtor's uncontroverted testimony is that he is still a boat builder, and is prepared to build boats when it becomes economically feasible to do so.  Debtor was actively

---

[3] There is no dispute that the only use for the boat molds is in building boats.  The only dispute relates to whether Debtor is engaged in the trade of boat building.

4

building boats for 33 years.  There is no evidence as to whether Debtor previously suspended boat building activities when the economy was flat.  Debtor's uncontroverted testimony is that he is able to name two resellers of boats who he believes will advance to him sufficient funds to build boats when there is a market for the boats.

Balancing the Debtor's uncontroverted testimony as to his continued focus on building boats, even though the market apparently does not presently support such activity, against the absence of the Debtor's recent use of the boat molds, the court concludes that Objectors have not sustained their burden of proof that Debtor has abandoned his trade as a boat builder.  Accordingly, the court concludes that the exemption for the boat molds should be allowed.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on January 21, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

5