

**ENTERED**
**02/18/2010**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) |   |
| EDWARD J. FERRO, | ) | CASE NO. 09-80415-G3-13 |
| Debtor, | ) |   |

MEMORANDUM OPINION

The court has held a hearing on the "Creditors' Motion for Relief from Automatic Stay" (Docket No. 50) filed by Arthur and Stephen DiNicolantonio. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Edward J. Ferro ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 18, 2009. The case was converted to a case under Chapter 11 of the Bankruptcy Code by order entered December 11, 2009. Debtor remains as a debtor in possession.

Arthur and Stephen DiNicolantonio ("Movants") filed suit against Debtor in the County Court at Law No. 3 of Galveston County, Texas.  After a jury trial, the state court entered judgment on April 20, 2009: in favor of Movants, against Debtor, in the amount of $888,021.00; in favor of Arthur DiNicolantonio, against Debtor, in the amount of $251,643.00; and in favor of Movants, against Debtor and Jon Orechia, jointly and severally, in the amount of $268,055.63.  (Movants' Exhibit A).

On May 7, 2009, Movants filed an abstract of the April 20, 2009 judgment in the records of Galveston County, Texas.  (Movants' Exhibit C).

In the instant motion, Movants seek relief from stay, in order to exercise their state law rights against real property located at 5205 FM 517, Dickinson, Texas and 4800 Park Avenue, Dickinson, Texas (together, "the Properties").[1]

Movants have filed a proof of claim in the instant case, in the amount of $1,456,943.67.  Movants have asserted that their claim is secured by the Properties.

In the instant case, Debtor has not yet proposed a Chapter 11 plan.  Prior to the conversion of the instant case from Chapter 13 to Chapter 11, Debtor proposed a Chapter 13 plan providing that Debtor would pay $1,520 per month, for 59 months,

---

[1] This court has previously determined, by Judgment entered on January 21, 2010, that neither of the Properties is Debtor's homestead.  (Docket No. 55).

2

to the Chapter 13 trustee, plus $162,000 in the 60th month. Debtor proposed to pay $219,751.65, for a total of 9 percent, on unsecured claims, while retaining the Properties.

Debtor made no offer of adequate protection for the interest Movants assert they hold in the Properties. Debtor asserts that Movants have no rights in the Properties, because Debtor has appealed the state court judgment of April 20, 2009.

With respect to the Properties, Debtor testified that the property at 5205 FM 517 is a 16,000 sq. ft. warehouse, located on 3 acres of real property, which Debtor has subdivided and leased out. He testified that he receives approximately $3,800 per month in rental income. He testified that the property located at 4800 Park Avenue is divided, with half of the property rented out at $1,000 per month, and the remainder used to store Debtor's boat-building equipment.

Debtor's schedule I indicates that he has total income of $3,880 per month. Debtor's schedule J indicates that he has personal expenses (not including those of boat-building) of $2,360 per month. (Docket No. 10).

Debtor testified that he is in the business of building boats. He testified that he believes he can build a single boat, with his own hands, for approximately $40,000, and sell it for $65,000. He testified that he has built no boats since 2006, that he believes there is presently no market for boats, and that

there are a number of used boats available for sale.  However, he testified he believes that the market for boats will turn, and that he will be able to build and sell boats.  He testified that he believes he can use the rent he receives from the property to build one or more boats.

Debtor testified that he has appealed the April 20, 2009 judgment of the state court.  He testified that he recognizes that if he is unsuccessful on appeal, he will lose the Properties.  He testified that he has opposed the lifting of the stay, in order to allow his appeal of the state court judgment to be heard.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if
> >
> > > (A) the debtor does not have an equity in such property; and
> >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property.  The party opposing relief has the burden of proof on all other issues.  11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In the instant case, Debtor has made no offer of adequate protection.  The evidence Debtor presented indicates that he is incapable of providing adequate protection except by building boats, and that there is no market for boats unless the business turns around.  Debtor presented no credible evidence that such a turnaround in the boat market is imminent.  Moreover, Debtor has admitted that, even if he were able to provide adequate protection for a time, his retention of the Properties for the long term depends on his complete victory in the state court on appeal.  Debtor has the opportunity to seek remedies in the state courts to prevent the execution of the April 20, 2009 judgment before the state court appeal is heard.  See e.g., Rules

5

627, 634 Tex. R. Civ. P.; Rule 24, Tex. R. App. P.  The court concludes, based on the totality of the circumstances, that cause exists for the lifting of the automatic stay in the above captioned case to allow the parties to exercise their rights and remedies under state law.

Based on the foregoing, a separate Judgment will be entered granting the "Creditors' Motion for Relief from Automatic Stay" (Docket No. 50) filed by Arthur and Stephen DiNicolantonio.

Signed at Houston, Texas on February 18, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE